UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEST SHORE HOME, LLC,
a Pennsylvania limited liability
company,

                                           Case No. 25-cv-00610

    Plaintiff,

v.                                     Hon.

WEST SHORE HOME
IMPROVEMENT, LLC,
a Michigan limited liability company,
and JAMES SEADORF,
an individual,

    Defendants.

---

## COMPLAINT

Plaintiff, West Shore Home, LLC ("Plaintiff" or "West Shore Home"), by and through its attorneys, Varnum LLP, state for its Complaint against Defendants, West Shore Home Improvement, LLC ("WSHI") and Mr. James Seadorf (collectively, "Defendants") as follows:

### NATURE OF THE CASE

1.     Plaintiff is the owner of several registered United States trademarks, including: (1) U.S. Trademark Reg. No. 4,968,264 for WEST SHORE for use in connection with home renovation and remodeling services (the "264 Registration"); (2) U.S. Trademark Reg. No. 5,746,115 for WEST SHORE HOME for use in connection with home renovation services; home remodeling services in the nature of the reconstruction and repair of homes (the "115 Registration"); and (3) U.S. Trademark Reg. No. 6,400,683 for  for use in connection with home renovation services; home remodeling services in the nature of the

reconstruction and repair of homes (the "683 Registration") (collectively, the "West Shore Trademarks").

2.      An application for registration for the WEST SHORE mark was filed on October 2, 2015, citing a date of first use in commerce of July 1, 2010. The '264 Registration for the WEST SHORE Mark was granted on May 31, 2016, and the '264 Registration was acknowledged as incontestable by the United States Patent and Trademark Office on September 21, 2021.

3.      An application for registration for the WEST SHORE HOME mark was filed on March 16, 2017. The '115 Registration for the WEST SHORE HOME Mark was granted on May 7, 2019, and cites a date of first use in commerce of February 28, 2018.  A Section 15 Declaration of Incontestability with respect to the '115 Registration was filed on April 1, 2025, and remains pending with the United States Patent and Trademark Office.

4.      An application for registration for the **WEST SHORE HOME** mark was filed on September 10, 2020, citing a date of first use in commerce of January 31, 2018. The '683 Registration for the **WEST SHORE HOME** Mark was granted on June 29, 2021.

5.      Plaintiff's use of the West Shore Trademarks has been continuous, exclusive, and longstanding.  Plaintiff has exclusively and continuously used the West Shore Trademarks in connection with its home renovation, home remodeling, and home repair services for over seven (7) years and in some instance over fifteen (15) years, since at least as early as the respective cited dates of first use.

6.      Defendants appear to offer identical services to those of Plaintiff, namely, home renovation, home remodeling, and home repair services under the mark WEST SHORE HOME IMPROVEMENT in standard character and various design formats.

2

7.     In 2021, and unbeknownst to Plaintiff, Defendants filed an Articles of Organization with the State of Michigan under the name WEST SHORE HOME IMPROVEMENT, LLC.

8.     On or about April 29, 2025, Defendants—with not only constructive knowledge, but also full and actual knowledge of Plaintiff and its federally-registered trademark rights in the West Shore Trademarks—launched the website https://www.westshorehomeimprovement.com, on which Defendants advertises services identical, substantially similar, and/or related to those of Plaintiff, namely, home renovation, home remodeling, and home repair services under the mark WEST SHORE HOME IMPROVEMENT.

9.     Defendants' use of the mark WEST SHORE HOME IMPROVEMENT significantly post-dates the dates of first use cited in each of the '264 Registration, the '115 Registration, and the '683 Registration of Plaintiff, and further post-dates Plaintiff's opening of its Michigan office and entry into the Michigan market.

10.    Plaintiff has not authorized Defendants to use or otherwise trade upon the West Shore Trademarks in connection with home remodeling, and home repair services, identical to those of Plaintiff, or any other goods or services.

11.    On or about May 30, 2025, Plaintiff demanded that Defendants cease and desist use of the mark WEST SHORE HOME IMPROVEMENT in connection with its identical services, but Defendants' use of its infringing WEST SHORE HOME IMPROVEMENT mark continues at present.

12.    Accordingly, this action is brought pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition, deceptive trade practices, and trademark infringement under the statutory and common laws of the

State of Michigan, all arising from Defendants' intentional and unauthorized use of the West Shore Trademarks in connection with the marketing, advertising, promotion, offering for sale, and/or actual sale of identical services in interstate commerce in identical channels of trade.

## PARTIES, JURISDICTION, AND VENUE

13.    Plaintiff is a limited liability company formed in July 2006 under the laws of the State of Pennsylvania, with its principal place of business located at 3 Crossgate Drive Mechanicsburg, Pennsylvania 17050.  Plaintiff also maintains a business office at 5505 Patterson Ave. SE, Suite 300, Kentwood, Michigan 49508.

14.    Defendant WSHI is a limited liability company formed in March 2021 under the laws of the State of Michigan, with its principal place of business located at 3950 David St. Wellston, MI 49689.

15.    WSHI's Registered Agent is Defendant James Seadorf, who upon information and belief, is a citizen and resident of the State of Michigan.

16.    This Court has original jurisdiction over this controversy pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 because Plaintiff's federal trademark claims arise under the Lanham Act, specifically 15 U.S.C. §§ 1114 and 1125.

17.    This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because they arise from the same nucleus of operative facts and are so related that they form part of the same case or controversy.

18.    Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this district.

19.    This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of conducting business activities in Michigan,

including by marketing, promoting, offering for sale, selling, distributing, and performing services within the State of Michigan.

20.     Defendants have sufficient minimum contacts with the State of Michigan, including through their performance of services within the State of Michigan, advertising targeted at Michigan residents, formation under the laws of Michigan, and principal place of business in Michigan.

21.     Additionally, this Court has personal jurisdiction over WSHI and James Seadorf under MCL 600.715(1), (2) and (5) because Defendants regularly transact business in the State of Michigan; have entered into contracts for sale and delivery of home renovation, home remodeling, and home repair services to be furnished in the State of Michigan; and have caused damages to occur in the State of Michigan through their unlawful conduct described herein.

## GENERAL ALLEGATIONS

### A. Plaintiff and the West Shore Trademarks.

22.      Plaintiff is a nationwide leader in home renovation, home remodeling, and home repair services ("Plaintiff's Services").

23.     Plaintiff has been in the home renovation, home remodeling, and home repair services business since at least 2006, and has regularly provided Plaintiff's Services in interstate commerce. At present, Plaintiff's business serves customers through forty offices located in twenty states, including in Alabama, Arizona, Colorado, Florida, Georgia, Indiana, Iowa, Kentucky, Maryland, Michigan, Missouri, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, and Virginia.

24.     Plaintiff opened its office located in the State of Michigan at 5505 Patterson Ave, SE Suite 300 Kentwood, MI 49508 in the calendar year 2024.

25.    Since at least as early as July 1, 2010, Plaintiff has continuously utilized the source identifier/trademark WEST SHORE to identify Plaintiff's Services in United States commerce.

26.    Plaintiff has continuously and exclusively marketed, advertised, promoted, offered for sale, sold, and rendered Plaintiff's Services to consumers and homeowners under and/or in connection with the West Shore Trademarks throughout the United States, including in Michigan, since its cited dates of first use in each of the '264 Registration, the '115 Registration, and the '683 Registration. Relevant to the present dispute, Plaintiff has engaged in this conduct: (A) from its office located at 5505 Patterson Ave, SE Suite 300 Kentwood, MI 49508; and (B) via its online website at https://westshorehome.com/, and through various mediums including digital, print, and television. An example of Plaintiff's use of the West Shore Trademarks on or in connection with the sale of its services (taken from its webpage) is included below:



27.    Plaintiff has expended substantial time, money, and resources in the development, promotion, marketing, and sale of the services rendered under the West Shore Trademarks. As a direct result of these efforts, along with Plaintiff's longstanding, continuous, and exclusive use of the West Shore Trademarks in interstate commerce, the West Shore Trademarks have come to

signify: (A) Plaintiff as the source of the services; and (B) the high qualify craftmanship offered by Plaintiff. Consequently, Plaintiff has developed and maintained substantial and valuable goodwill and reputation in its business operations in connection with the West Shore Trademarks.

28.    Plaintiff is also the rightful owner of valid and subsisting trademark rights in its West Shore Trademarks, namely, (1) the '264 Registration for WEST SHORE for use in connection with home renovation and remodeling services; (2) the '115 Registration for WEST SHORE HOME for use in connection with home renovation services; home remodeling services in the nature of the reconstruction and repair of homes; and (3) the '683 Registration for **WEST SHORE** HOME for use in connection with home renovation services; home remodeling services in the nature of the reconstruction and repair of homes as detailed in the table below:

| Trademark | Goods and Services |
|---|---|
| WEST SHORE<br>U.S. Trademark Reg. No. 4,968,264<br>*First Use: July 1, 2010* | IC037: Home renovation and remodeling services |
| WEST SHORE HOME<br>U.S. Trademark Reg. No. 5,746,115<br>*First Use: Feb. 28, 2018* | IC037: Home renovation services; Home remodeling services in the nature of the reconstruction and repair of homes |
| WEST SHORE HOME<br>U.S. Trademark Reg. No. 6,400,683<br>*First Use: January 31, 2018* | IC037: Home renovation services; Home remodeling services in the nature of the reconstruction and repair of homes |

29.    Attached as **Exhibit A** is a true and correct copy of the formal registration certificate and USPTO status file for Plaintiff's U.S. Trademark Registration No. 4,968,264, which cites a date of first use of the mark in interstate commerce at least as early as July 1, 2010. Registration was granted by the USPTO on May 31, 2016.

30.    On June 1, 2021, Plaintiff filed its Combined Declaration of Use and Incontestability to maintain the '264 Registration in full force and effect for an additional (10) year period pursuant to 15 U.S.C. §§ 1058 and 1065. The Combined Declaration of Use and Incontestability was accepted by the USPTO on September 21, 2021, such that the '264 Registration is incontestable pursuant to 15 U.S.C. § 1065, and constitutes *prima facie* evidence of the validity and conclusive evidence of Plaintiff's exclusive right to use the WEST SHORE mark in connection with Plaintiff's Services.

31.    Attached as **Exhibit B** is a true and correct copy of the formal registration certificate and USPTO status file for Plaintiff's U.S. Trademark Registration No. 5,746,115, which cites a date of first use of the mark in interstate commerce at least as early as February 28, 2018. Registration was granted by the USPTO on May 7, 2019.

32.    On April 1, 2025, Plaintiff filed its Combined Declaration of Use and Incontestability to maintain the '115 Registration in full force and effect for an additional (10) year period pursuant to 15 U.S.C. §§ 1058 and 1065. The Combined Declaration of Use and Incontestability remains pending before the USPTO, and upon acceptance, the '115 Registration will be incontestable pursuant to 15 U.S.C. § 1065, thereby constituting *prima facie* evidence of the validity and conclusive evidence of Plaintiff's exclusive right to use the WEST SHORE HOME mark in connection with Plaintiff's Services.

33.     Attached as **Exhibit C** is a true and correct copy of the formal registration certificate and USPTO status file for Plaintiff's U.S. Trademark Registration No. 6,400,683, which cites a date of first use of the mark in interstate commerce at least as early as January 31, 2018. Registration was granted by the USPTO on June 29, 2021.

**B.  <u>Defendants' Unlawful Use of the West Shore Trademarks</u>.**

34.     Defendant WSHI is a Michigan limited liability company formed in 2021 under the laws of the State of Michigan, with Defendant James Seadorf listed as its Registered Agent.  WSHI is engaged in the business of home renovation, home remodeling, and home repair services (the "Infringing Services").

35.     Defendants operate, advertise, and conduct their business under the name "WEST SHORE HOME IMPROVEMENT, LLC" (hereinafter, the "Infringing Mark").

36.     The Infringing Mark is highly similar in appearance, phonetic pronunciation, sound, overall appearance, and commercial impression to the West Shore Trademarks.

37.     The Infringing Mark is nearly identical to Plaintiff's registered West Shore Trademarks and includes or encompasses the entirety of the West Shore Trademarks, namely, the phrases "WEST SHORE" and "WEST SHORE HOME".

38.     The Infringing Mark is further used in connection with the sale of Infringing Services that are identical, legally identical, substantially similar to, and/or related to Plaintiff's Services.

39.     Defendants target customers seeking the Infringing Services in western Michigan, which is a geographic market serviced by Plaintiff via its Michigan office location at 5505 Patterson Ave, SE Suite 300 Kentwood, MI 49508.

40.     Defendants  further  own  and  operate  the  website  https://westshorehome improvement.com/ (the "Infringing Website"), through which it advertises and/or sells the Infringing Services to customers, and wherein the domain name or URL for the Infringing Website contains, resembles, imitates, and/or entirely reflects one or more of the West Shore Trademarks.

41.     Upon information and belief, the Infringing Website went live on or about April 29, 2025.

42.     Web captures of the Infringing Website as of May 6, 2025, as shown below, not only target consumers in the Plaintiff's Michigan target market, but also included representations regarding "earning the trust of homeowners throughout Central Pennsylvania".



43.    Upon information and belief, WSHI does not operate or service homeowners outside of Michigan, and as such, it is the business-driven belief of Plaintiff, which has its corporate offices in Mechanicsburg, Pennsylvania,  that representations by WSHI regarding "earning the trust of homeowners throughout Central Pennsylvania" are a direct, intentional, and willful attempt to trade on the West Shore Trademarks and the brand and reputation of Plaintiff, and further displays WSHI's clear knowledge of the Plaintiff and its West Shore Home Trademarks.

44.    The Infringing Website conspicuously displays the Infringing Mark throughout, including prominently in the Infringing Website's header and throughout the remainder of the Infringing Website, as shown below:





45.    Upon information and belief, Defendants sell and/or advertise their Infringing Services through their Infringing Website, and Google, Facebook, and Yelp pages.

46.     Despite the sale and advertising of the Infringing Services in the State of Michigan and on the Infringing Website by Defendants, the Infringing Website displays no residential building or plumbing license information.  Accordingly, upon Information and belief, WSHI does not appear to be a licensed residential builder or plumbing contractor with the State of Michigan.

47.     Accordingly, upon information and belief, since WSHI's organization in 2021, Defendants have engaged in the distribution, promotion, advertising, offering for sale, and actual sale of Infringing Services that are: (A) identical and/or substantially similar to Plaintiff's Services; (B) sold under the Infringing Mark that is identical and/or highly similar to the West Shore Trademarks; and (C) sold to identical target customers, particularly in the geographic market of western Michigan.

48.     Defendants' Infringing Services, when marketed, advertised, and/or sold to consumers under the Infringing Mark, are likely to deceive the public into mistakenly believing that the Infringing Services originate from, are associated with, or otherwise are authorized, licensed, endorsed, or sponsored by Plaintiff.

49.     Defendants have actual knowledge of Plaintiff and its West Shore Trademarks pursuant to at least a demand letter sent to Defendants by Plaintiff on May 30, 2025, as well as constructive knowledge of Plaintiff and its West Shore Trademarks via the '264 Registration, the '115 Registration, and the '683 Registration.

50.     Nevertheless, Defendants have engaged in and continue to use the Infringing Mark on identical and/or substantially similar services with full knowledge and awareness of Plaintiff's rights in and to the West Shore Trademarks. By marketing, advertising, selling, and distributing Infringing Services under the Infringing Mark, Defendants continue to market and trade on

Plaintiff's longstanding goodwill and reputation, thereby causing likely and actual confusion and deception in the marketplace.

51.    In light of Defendants' deliberate, willful, significant, comprehensive, and continuous efforts to sell, offer, or market its services that directly overlap with Plaintiff's Services, Plaintiff is now forced to bring legal action to prevent Defendants' continued infringement of its West Shore Trademarks to protect its valuable and longstanding rights in its West Shore Trademarks.

## COUNT I — TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

52.    Plaintiff repeats and realleges paragraphs 1 through 51 hereof, as if fully set forth herein.

53.    Plaintiff, West Shore Home, LLC, owns (1) the '264 Registration for WEST SHORE for use in connection with home renovation and remodeling services; (2) the '115 Registration for WEST SHORE HOME for use in connection with home renovation services; home remodeling services in the nature of the reconstruction and repair of homes; and (3) the '683 Registration for  for use in connection with home renovation services; home remodeling services in the nature of the reconstruction and repair of homes.

54.    Plaintiff has continuously used the West Shore Trademarks in connection with the sale, marketing, advertising, and promotion of Plaintiff's Services in interstate commerce since at least as early as its recited date of first use for the mark WEST SHORE on July 1, 2010.

55.    Plaintiff's recited date of first use of July 1, 2010, predates the formation of WSHI by ten (10) years and the launch of Defendants' Infringing website by over fifteen (15) years, and as such, Plaintiff has clear priority of use of the West Shore Trademarks.

13

56.    Any use of the West Shore Trademarks and/or the Infringing Mark by Defendants, in connection with the Infringing Services has been without the consent of Plaintiff.

57.    Defendants have willfully and knowingly used, and continue to use, the Infringing Mark in commerce for the purposes of selling the Infringing Services without Plaintiff's consent.

58.    Defendants' use of the Infringing Mark—which is identical and/or substantially similar to the West Shore Trademarks—in connection with the sale, offering for sale, distribution, marketing, and/or advertising of Infringing Services that are identical, substantially similar, and/or related to Plaintiff's Services, is likely to cause confusion, mistake, and/or deception among consumers, the public, and the market in general as to whether Defendants' Infringing Services are affiliated with, sponsored by, or endorsed by Plaintiff. Such conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

59.    Defendants have acted with actual and/or constructive knowledge of Plaintiff's West Shore Trademarks, and further have intentionally used the West Shore Trademarks in commerce without Plaintiff's authorization or consent.

60.    Defendants' unauthorized use of the Infringing Mark in commerce constitutes a wrongful use and/or unauthorized reproduction, copy, or colorable imitation of Plaintiff's West Shore Trademarks.

61.    Defendants have committed the foregoing acts of infringement alleged herein with full knowledge of Plaintiff's prior rights in and to the West Shore Trademarks and with the willful intent to trade on the longstanding goodwill of Plaintiff's West Shore Trademarks, cause confusion and deception in the marketplace, and divert potential customers and their respective sales from Plaintiff to Defendants.

62.    Defendants' actions as alleged herein have caused and will continue to cause Plaintiff to suffer damages including but not limited to lost profits from lost sales and injury to business, reputation, and goodwill in an amount presently unknown and to be ascertained at trial.

63.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116–1117, together with prejudgment and post-judgment interest.

## COUNT II — UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125)

64.    Plaintiff repeats and realleges paragraphs 1 through 63 hereof, as if fully set forth herein.

65.    Defendants' unauthorized use in commerce of the Infringing Mark, as alleged herein, constitutes false designation of origin, that is likely to cause confusion, cause mistake, deceive and/or mislead consumers as to the origin, source, sponsorship, or affiliation of the Infringing Services, or otherwise suggest that the Infringing Services originated with or are sponsored, endorsed, or controlled by Plaintiff (or that Defendants' commercial activities are endorsed, sponsored, or otherwise authorized by Plaintiff).

66.    Defendants' unauthorized use of the Infringing Mark, as alleged herein, constitutes use of a false designation of origin and misleading description and representation of fact. Moreover, Defendants' willful and deliberate conduct, as alleged herein, constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    Defendants' conduct, as alleged herein, has caused and will continue to cause Plaintiff to suffer damages including but not limited to lost profits from lost sales and injury to business, reputation, and goodwill in an amount presently unknown and to be ascertained at trial.

68.    Defendants' conduct, as alleged herein, has made and will continue to make substantial profits and gains to which Defendants are not entitled in law or in equity.

69.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III — MICHIGAN COMMON LAW TRADEMARK INFRINGEMENT

70.    Plaintiff repeats and realleges paragraphs 1 through 69 hereof, as if fully set forth herein.

71.    Plaintiff owns the West Shore Trademarks for use in connection with Plaintiff's Services, as advertised on its website, and through various mediums including digital, print, and television, including home renovation, home remodeling, home repair services nationwide as evidenced by (1) the '264 Registration for WEST SHORE for use in connection with home renovation and remodeling services; (2) the '115 Registration for WEST SHORE HOME for use in connection with home renovation services; home remodeling services in the nature of the reconstruction and repair of homes; and (3) the '683 Registration for  for use in connection with home renovation services; home remodeling services in the nature of the reconstruction and repair of homes.

72.    Plaintiff has not authorized or consented to Defendants' use of the West Shore Trademarks and/or the Infringing Mark.

73.    Defendants' unauthorized use in commerce of the Infringing Mark, as alleged herein, is likely to cause confusion, cause mistake, or otherwise deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Services and is likely to cause consumers to believe, contrary to fact, that the Infringing Services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

74.    Defendants' conduct, as alleged herein, has caused and will continue to cause Plaintiff to suffer damages including but not limited to lost profits from lost sales and injury to business, reputation, and goodwill in an amount presently unknown and to be ascertained at trial.

<div align="center">

**COUNT IV — UNFAIR COMPETITION AND
DECEPTIVE TRADE PRACTICES IN VIOLATION OF
THE MICHIGAN CONSUMER PROTECTION ACT
(MCL 445.901 *et seq.*)**

</div>

75.    Plaintiff repeats and realleges paragraphs 1 through 74 hereof, as if fully set forth herein.

76.    The Michigan Consumer Protection Act (MCPA) prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" including, *inter alia*, "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." *See* Mich. Comp. Laws § 445.903.

77.    Defendants' unauthorized use in commerce of the Infringing Mark, as alleged herein, is likely to cause confusion, cause mistake, or otherwise deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Services by or with Plaintiff and is likely to cause consumers to believe, contrary to fact, that the Infringing Services are sold, authorized, endorsed, or sponsored by Plaintiff, or that WSHI itself is in some way affiliated with or sponsored by Plaintiff.

78.    Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff to suffer damages including but not limited to lost profits from lost sales and injury to business, reputation, and goodwill in an amount presently unknown and to be ascertained at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

B.    That Defendants have violated The Michigan Consumer Protection Act (Mich. Comp. Laws § 445.901 *et seq.*) and the common laws of the State of Michigan.

C.    That Defendants have committed common law trademark infringement.

D.    Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's Order by personal service or otherwise from:

i.    Distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to distribute/provide, sell, market, advertise, or promote the Infringing Services bearing the source identifier "WEST SHORE HOME IMPROVEMENT," or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's West Shore Trademarks;

ii.    Engaging in any activity that infringes Plaintiff's rights in and to the West Shore Trademarks;

iii.    Engaging in any activity constituting unfair competition with Plaintiff;

iv.     Making or displaying any statement, representation, or depiction that is likely to lead the relevant consuming public to believe that: (1) Defendants' Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff; or (2) Plaintiff's Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or  associated, affiliated, or otherwise connected with Defendants' Services.

v.     Using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

vi.     Registering, applying to register, or maintaining on any register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating "West Shore", "West Shore Home", or any other mark that infringes or is likely to be confused with Plaintiff's West Shore Trademarks, or any goods or services of Plaintiff, or Plaintiff as their source; and

vii.     Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vii).

E.     Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that the Infringing Services are licensed, marketed, advertised, promoted, rendered, or otherwise offered or circulated by Plaintiff or are in

any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's Services.

F.     Directing Defendants to immediately cease all display, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all social media accounts, websites, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating "WEST SHORE", "WEST SHORE HOME", or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's West Shore Trademarks.

G.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied therewith.

H.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), which upon information and belief exceed $75,000 exclusive of costs and interest.

I.     Directing that Defendants account for and pay to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

J.     Awarding Plaintiff punitive and/or exemplary damages as the Court finds appropriate to deter any continued willful infringement.

K.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

L.    Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

M.    Awarding such other and further relief as the Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully Submitted,

**VARNUM LLP**
*Attorneys for Plaintiff*

</div>

Date: May 30, 2025

<div style="margin-left: 40%;">

*/s/Staci R. DeRegnaucourt*
Staci R. DeRegnaucourt (P75383)
Jeffrey T. Hewlett (P84861)
Julia S. Moran (P87914)
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
srderegnaucourt@varnumlaw.com
jthewlett@varnumlaw.com
jsmoran@varnumlaw.com

</div>